15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jacqueline E. GRAY, Appellant.
 No. 93-3087.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 11, 1994.
 
 Before: SILBERMAN, BUCKLEY and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. The district court properly determined, based on the totality of the circumstances, that probable cause to arrest the appellant existed. Appellant has not persuasively distinguished this case from other cases in which this court has found probable cause to exist. See, e.g., United States v. Taylor, 997 F.2d 1551 (D.C.Cir.1993); United States v. Green, 670 F.2d 1148 (D.C.Cir.1981); United States v. White, 655 F.2d 1302 (D.C.Cir.1981). In particular, we reject appellant's claim that absent the district court's finding that appellant was "trying to leave the area inconspicuously," "the district court's conclusion that probable cause existed fails." Appellant's Brief at 8. Even assuming, arguendo, that there was insufficient evidence to infer that appellant was attempting to flee, we think the totality of the circumstances in this case--two early-morning transactions in which the appellant engaged in a brief conversation with her customers and, after looking up and down the street, exchanged for cash a small object which she removed from her pants pocket and held in her clenched fist, in an area where the arresting officer previously had made between two and five drug arrests--would have led a reasonable and prudent police officer to believe that a criminal offense had been committed. See Green, 670 F.2d at 1152. "No plausible innocent explanations for this sequence of behavior readily springs to mind, nor has the defendant suggested any, either in this court or in the court below." Id. at 1153.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.